## RODRIGUEZ v STATE OF FLORIDA
### Case No. 89-169 AC (County Court Case Nos. 95662,3,4,5IH)
Eleventh Judicial Circuit, Dade County

August 8, 1990

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Henry H. Harnage,** Assistant Public Defender, for appellant.

**Robert A. Butterworth,** Attorney General, and **Jacqueline Valdespino,** Assistant Attorney General, for appellee.

Before ROBINSON, DAVIS, CARDONNE, JJ.

### OPINION OF THE COURT

ROBINSON, J.

The appellant, JOSE RODRIGUEZ, defendant below, appeals the trial court's denial of his Motion to Exclude Defendant's Blood Test Results. The court's denial was based on the evidence presented by the State on June 1, 1989. At that time Officer Samuelson of the Hialeah

Police Department testified that he had visited the scene of an accident, observed blood on the mirror of one of the cars and later matched that observation with evidence that the defendant had a consistent wound on his forehead. The investigator also smelled alcohol on the breath of the person identified to him as being the driver of the car and ordered pursuant to section 316.1932(1)(a) and (1)(c) a blood sample to be taken for purposes of determining the alcohol content of the defendant's blood. The result of the test showed a reading of .1 percent. Upon the trial judge's denial of the motion, the defendant pled no contest, reserving his appeal to appeal to this court. We affirm.

We distinguish this case from *Chait v State*, 27 Fla. Supp.2d 115 (1988), cited by the defendant. Here there is evidence that the defendant was driving. This case also does not require as a predicate for testing the criteria of section 316.1933, Florida Statutes. That statute requires a finding that "a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages. . ." No such requirement of causality is required by section 316.1932. Only probable cause that the defendant was driving and that the defendant was impaired need be shown. Affirmed.

Davis and Cardonne, JJ., Concur.